# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 17 – 263 |
| EDIBERTO CASTANEDA-AGUILAR | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant awaits sentencing for his admitted reentry into the United States, after his lawful deportation, without first obtaining permission of the Attorney General of the United States or the Secretary for Homeland Security. The government respectfully requests that the Court sentence the defendant at the low-end of the sentencing guidelines, with a term of supervised release and a fine as deemed appropriate by the Court. A sentencing hearing in this matter has been scheduled for Thursday, September 21, 2017 at 11:00 AM.

## I. BACKGROUND

On June 6, 2017, the defendant entered an open guilty plea to one count of reentry after deportation, in violation of 8 U.S.C. § 1326(a), arising from the defendant's reentry into the United States, after his lawful deportation on or about November 30, 2012 and again on July 14, 2014. The defendant is a native and citizen of Mexico. He was most recently deported in 2014. On December 18, 2016, immigration authorities became aware of the defendant's unlawful reentry and presence in the United States when he was arrested in West Nottingham Township, Pennsylvania. The defendant admitted to authorities that he had entered the United States from Mexico into Arizona in June of 2015, without inspection and permission.

The government respectfully recommends that the sentence here include a period

of imprisonment at the low end of the advisory sentencing guideline range of 10 to 16 months.

II.      SENTENCING CALCULATION.

      A.      Statutory Maximum Sentence.

The total maximum sentence that may be imposed on the defendant is, on Count One, reentry after deportation, in violation of 8 U.S.C. § 1326(a), up to 2 years imprisonment, a one-year period of supervised release, a $250,000 fine, and a $100 special assessment.

      B.      Sentencing Guidelines Calculation.

The United States concurs with the guideline calculation provided in the PSR. The defendant faces an advisory sentencing guideline range of 10 to 16 months imprisonment, based on a total offense level of 10 and a criminal history category of III. It is at the low-end of this guideline range that the government asks the Court to sentence the defendant.

III.      ANALYSIS.

The defendant engaged in serious criminal conduct. 18 U.S.C. § 3553(a)(2)(A) ("seriousness of the offense"). The defendant is a native and citizen of Mexico. The defendant has repeatedly entered the United States unlawfully. While in this country, he has engaged in additional dangerous and criminal conduct. He has three times been convicted of driving under the influence of alcohol. He has also engaged in other alcohol-related offenses.

This Court may properly take notice of the harms caused to society by defendants who come to this country unlawfully, particularly those who then commit criminal acts while they are here.

As mentioned, the defendant has repeatedly engaged in criminal activity of a type that indicates little regard for the safety and well-being of society. 18 U.S.C. § 3553(a)(1)

("history and characteristics of the defendant").  Each of these crimes have been committed while he was unlawfully present in the United States.

The recommended sentence shall also provide significant specific and general deterrence, protecting society from future crimes of the defendant, at least while he is incarcerated, and demonstrating to others the privileges and freedoms afforded by this country do not include unlawfully entering the country and committing crimes once here.  18 U.S.C. § 3553(a)(2) ("adequate deterrence," and "protect the public").

IV. CONCLUSION

Therefore, in sum, the government requests that the Court sentence the defendant at the low-end of the advisory sentencing guideline range, with a term of supervised release and a fine as deemed appropriate by the Court.

Respectfully submitted,

LOUIS D. LAPPEN
Acting United States Attorney


  /s/ John Gallagher
JOHN GALLAGHER
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Sentencing Memorandum to be served through the electronic court system upon counsel for defendant:

Maria Antoinette Pedraza, Esquire
Assistant Federal Defender
Federal Community Defender Office
540 West - The Curtis Center
601 Walnut Street
Philadelphia, PA   19106

*/s/ John Gallagher*
John Gallagher
Assistant United States Attorney

Date:   September 12, 2017