## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| : | |
| **v.** : | **CRIMINAL NUMBER 17-263** |
| : | |
| : | |
| **EDIBERTO CASTANEDA-AGUILAR** : | |

### DEFENDANT'S SENTENCING MEMORANDUM

Ediberto Castaneda-Aguilar files this memorandum in aid of mitigation at sentencing. The Presentence Investigation Report prepared by United States Probation Officer George H. McGary concludes the advisory range is 10-16 months based on a total offense level 10, Criminal History Category III. Given the particular facts and circumstances of this case, the defense agrees with the Government and suggests that a sentence at the bottom of the guideline range bests fulfill the sentencing goals pursuant to *United States v. Booker*, 543 U.S. 220 (2005) and the subsequent cases reaffirming its holding, and 18 U.S.C. §3553(a).

### I.     PROCEDURAL HISTORY

On May 11, 2017, the United States Attorney's Office for the Eastern District of Pennsylvania filed an indictment charging Mr. Castaneda-Aguilar with one count of Illegal Reentry in violation of 8 U.S.C. § 1326(a). Mr. Castaneda-Aguilar entered a guilty plea to the indictment on June 6, 2017. Sentencing is scheduled for September 21, 2017.

### II.    MR. CASTANEDA-AGUILAR'S PERSONAL HISTORY

Mr. Castaneda-Aguilar had a life which is similar to most people who stand before this Court awaiting sentencing for this offense. Although his biological father was not a part of his

life, he thankfully had the guidance and love of his stepfather who lovingly raised him as his own son.  In an effort to provide him with better opportunities, his parents sent him to the United States at age thirteen.  During that time he lived with several uncles in North Carolina.  While the plan was for him to attend and finish school once in this country, he instead began working as a roofer alongside his uncles.  In the eleven years since his first entry, he has consistently maintained employment as a roofer working long hours to support himself while also sending money home to help his family.

     As was common prior to this year, many undocumented aliens with non-aggravated felony convictions were deported without prosecution for offenses relating to their violation of immigration laws.  This practice was due to a policy implemented by prior administrations which prioritized aggravated felons.  It was this policy which resulted in Mr. Castaneda-Aguilar's prior deportations following little, if any, time served prior to being deported.  By this same token, there can be no question that this experience did little, if anything, to discourage his reentry.  These prior experiences are nothing compared to the present criminal prosecution.

     His motivation for reentering was his children for whom he was providing financial support.  As he remains in custody, he is faced with the added stress of hearing how his incarceration is affecting his children's standard of living.  As is noted in the presentence report, one of his children suffers from developmental disabilities and the other has physical disabilities.  He realizes that he cannot return to this country without risking rearrest and additional, more severe, criminal penalties.  As painful as it is to him to know that he will seldom see his children, it is more painful to be incarcerated and be unable to help them even in the small ways that he intends to do so once back in Mexico.

     Bearing in mind that he has never been in custody as long as he has been prior to now,

this experience has impacted him deeply and has served the deterrent effect that his prior deportations did not achieve. Additionally, he knows that the current political climate and applicable sentencing guidelines supports the implementation of harsher penalties for aliens with histories of prior convictions and deportations, which has now increased as a result of this prosecution. This further reinforces the need for him to refrain from reentering the United States.

### III. APPLICATION OF THE STATUTORY FACTORS TO THIS CASE

The Court must consider all of the factors identified in 18 U.S.C. §3553(a) and impose a sentence that is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. §3553(a)(1).

#### A. The Nature and Circumstances of the Offense and History and Characteristics of Mr. Castaneda-Aguilar

Mr. Castaneda-Aguilar's work history and his motive for the commission of the instant offense, all weigh in favor of a sentence at the bottom of the guideline range.

#### B. The Need for the Sentence Imposed to Promote Certain Statutory Objectives

*1. To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

Mr. Castaneda-Aguilar's period of incarceration is especially difficult given his inability to help his family and children. He was providing his family and children with much needed income on a monthly basis. The guidelines generally account for harm, but not at all for the motive for committing the offense, which is highly relevant. Mr. Castaneda-Aguilar understands that he should not have returned to the United States and is acutely aware of the potential for additional punishment in this and future cases. A sentence at the bottom of the guideline range would not promote a lack of respect for the law as Mr. Castaneda-Aguilar is presently

incarcerated and will remain in custody at a minimum until deportation. As the Court is aware, deportations are not immediate and Mr. Castaneda-Aguilar is likely to be incarcerated beyond whatever sentence this Court imposes.

        2.      *To afford adequate deterrence to criminal conduct.*

A sentence above the bottom of the guideline range is neither warranted nor necessary to further deter Mr. Castaneda-Aguilar from returning. He understands what he would likely face if he returns in the future, which is unfathomable to him given his present guideline range. Mr. Castaneda-Aguilar has been incarcerated since December 2017. Mr. Castaneda-Aguilar will not receive credit for the first five months he was in local custody towards his federal sentence because that sentence was credited towards the offenses described in paragraphs 31 and 32 of the presentence report. Mr. Castaneda-Aguilar is very much aware of the significant period of incarceration he faces both and now and in the future should he to return again. Moreover, the fact that Mr. Castaneda-Aguilar was prosecuted for this offense, in lieu of immediate deportation, should serve as sufficient deterrence.

        3.      *To protect the public from further crimes of the defendant.*

Mr. Castaneda-Aguilar poses no threat to the public. He will be returned to immigration custody for deportation upon completion of his sentence. Protection of the public is of diminished concern in this case.

    **C.**    **Kinds of Sentences Available**

The range of sentences statutorily available to the Court, including the advisory guidelines range, are listed in Part D of the PSR. This range includes a sentence of incarceration of up to two years, not more than 1 year of supervised release, a fine of up to $250,000. Section 5D1.1(c) discourages the Court from imposing a period of supervised release. It reads as follows:

The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment. Moreover, the Third Circuit recently recognized the presumption against imposing supervised release in cases where the defendant is a deportable immigrant. See United States v. Azcona-Polanco, __ F.3d __, 2017 WL 3184723, *1 (3d Cir. July 27, 2017).

## IV.   CONCLUSION

Based on the above reasons, the defense respectfully requests the Court impose a sentence of ten months.

Respectfully submitted,

 s/Maria A. Pedraza
MARIA A. PEDRAZA
Assistant Federal Defender

## **CERTIFICATE OF SERVICE**

      I, Maria A. Pedraza, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have electronically served a copy of Defendant's Sentencing Memorandum *via* Electronic Case Filing, upon John M. Gallagher, Assistant United States Attorney, 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

                                                     s/Maria A. Pedraza
                                                   MARIA A. PEDRAZA
                                                   Assistant Federal Defender

DATE: September 19, 2017